UNITED STATES COURT DISTRICT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RAYID AJARMEH, | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES LLC, | ) |
|     *Defendant*, | ) |
| | ) |

FILED BY _____ D.C.
MAR 06 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Plaintiff, Rayid Ajarmeh, Pro Se, respectfully alleges the following:

## I.   INTRODUCTION

1. This civil action is brought by Rayid Ajarmeh, an individual consumer, seeking actual damages, statutory damages, and punitive damages against Defendant, Equifax Information Services LLC (hereinafter "Equifax"), for violations of the Fair Credit Reporting Act, 15 U.S.C §1681 et seq. (hereinafter "FCRA").

## II. JURISDICTION AND VENUE

2. This Court's jurisdiction is invoked pursuant to 15 U.S.C §1681(p) and 28 U.S.C §1331. Venue is proper in this District as Equifax conducts business in Fort Lauderdale, Broward County, Florida and the actions giving rise to this complaint occurred in Fort Lauderdale, Broward County, Florida. The venue is also proper as the complaint alleges a federal claim and requires the involvement of the Court to find a resolution of questions of federal law.

## III. PARTIES

3. Plaintiff, Rayid Ajarmeh, (hereinafter "Plaintiff") incorporates by reference the above paragraphs of this complaint as they fully set forth at length herein.

4. Plaintiff is a natural person residing in Fort Lauderdale, Broward County, Florida.

5. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C § 1681a(c).

6. Upon information and belief, Equifax is a Limited Liability Company (LLC) organized under the laws of the State of Georgia, and they are authorized to do business in the state of Florida.

7. Equifax qualifies as a "consumer reporting agency" as defined under 15 U.S.C §1681a(f).

8. Upon information and belief Equifax compiles consumer information in a consumer's "file" as defined by 15 U.S.C §1681a(g) and using that information on both a for-profit and not-for-profit basis, provides "consumer reports" as defined by 15 U.S.C §1681a(d).

9. Equifax's principal place of business is located at 1550 Peachtree Street NW Atlanta, GA 30309 and can be served through its registered agent Corporation Service Company 1201 Hays Street Tallahassee, FL 32301.

## PRELIMINARY STATEMENT

The Fair Credit Reporting Act (FCRA) regulates consumer reporting to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. Congress enacted the FCRA to address issues within the credit reporting industry, including the lack of consumer access to their own credit information. Recognizing this problem, Congress aimed to promote transparency by requiring consumer reporting agencies to disclose all information in a consumer's file upon request.

Under 15 U.S.C § 1681g of the FCRA, consumer reporting agencies are mandated to clearly and accurately disclose, upon request, all information contained in a consumer's file at the time of the request. This requirement applies to all consumer reporting agencies. The FCRA defines a consumer's file as encompassing all information recorded and retained by the agency about the consumer, regardless of the method of storage.

A consumer's "file" as mentioned and defined in 15 U.S.C § 1681a(g) is not to be mistaken with a "consumer report" as mentioned and defined in 15 U.S.C § 1681a(d). A consumer's file is all the information the consumer reporting agency (hereinafter "CRA") has on an individual consumer from the furnisher of the information regardless of how it's stored. A consumer report on the other hand is what creditors use in the decision to extend, renew, or continue credit. A consumer's file is made up of multiple items of information, which is then used to create and sell consumer reports that are used to determine a consumer's credit

worthiness. If a consumer is denied this disclosure of the file in its entirety, they are robbed of a statutorily and federally protected right.

### IV. FACTS OF THE COMPLAINT

#### Plaintiff's December 2025 Consumer Disclosure

10. On December 2, 2025, Plaintiff requested a copy of his consumer file from Equifax via annualcreditreport.com (Confirmation # 5336570616) (**Exhibit A**).

11. Pursuant to 15 U.S.C § 1681g(a)(1), Equifax was supposed to provide a clear and accurate disclosure to Plaintiff of all information in his file at the time of the request.

12. A limited exception to the statute, allows for the truncation of the first five (5) numbers of Plaintiff's social security number, but this exception does not apply to account numbers.

#### Equifax's Incomplete, Unclear, or Inaccurate Disclosure:

#### Incomplete and Inaccurate Disclosure of Account Information

13. There were multiple key details and items of information that were incomplete, truncated, or patently inaccurate in Plaintiff's file after his disclosure request was made.

14. One of the requirements of 15 U.S.C § 1681g is that the CRA provide the consumer "all information in the consumer's file at the time of the request". The plain language of the statute makes this very clear: all (emphasis added) information.

15. It is further supported in Washington v. Equifax Info. Servs. LLC, "The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of

the request.' 15 U.S.C § 1681g. In the absence of any binding authority stating that a truncated account number is a clear and accurate disclosure the court finds that the plaintiff has stated a plausible claim for a violation of 609 of the FCRA.") [*Washington v. Equifax Info. Servs. LLC*, No. 3:19-cv-00154, 2019 WL 24443126, at *4 (M.D. Tenn. June 12, 2019)].

16. Both the Federal Trade Commission (hereinafter "FTC") and Consumer Financial Protection Bureau (hereinafter "CFPB") have published advisories detailing what a file disclosure is, the information that must be included inside of it, and what a consumer must do (and does not have to do) to have properly requested it.

17. The advisory opinion titled "Advisory Opinion to Darcy" (**Exhibit B**) published by the FTC, speaks to all CRAs (specifically TransUnion at the time of writing it) stating, "...it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of all information "in the file".

18. Similarly the CFPB released their own advisory (**Exhibit C**) in which they made clear what a consumer's file disclosure is, the information that must be included in it, and what a consumer must do (and does not have to do) to request it.

19. In the CFPB's advisory they state, "The Bureau is aware that some industry stakeholders have taken the position that consumers must use specific language in order to request file disclosures under section 609(a), such as the term 'complete file.' As the Third Circuit recently held, such requirements contravene the FCRA. The CFPB interprets the FCRA to require consumer reporting agencies to provide a file disclosure upon receipt of a 'request' from a consumer who provides proper identification even if the consumer does

not use the specific term 'request,', 'file,' 'complete file,' or any other specific words in making such a request."

20. In regard to Plaintiff's disclosure provided to him by Equifax, not only were account numbers incomplete/truncated, but many other fields were incomplete and patently inaccurate as well.

21. As a result of all of the truncated, incomplete, and inaccurate information, Plaintiff struggled to properly identify and match up the information with his personal records, leaving him confused.

22. The account in question here was a Barclays Bank Delaware account.

23. Below is the specific incomplete and/or inaccurate information:

- MACYS/CITIBANK NA *1689: the account number is incomplete, date reported is incomplete because it is missing from the payment history, date opened is incomplete because it's missing from and doesn't match with the payment history, actual payment amount is incomplete and doesn't make sense because if there was a date of last payment I should see the payment for that date, term duration is incomplete, date of first delinquency is incomplete, date major delinquency 1st reported is incomplete, amount past due is incomplete, charge off amount is incomplete, months reviewed is inaccurate as it doesn't match the payment history records, deferred payment start date is incomplete, balloon payment amount is incomplete, balloon payment date is incomplete, payment history data for November 2025 is missing therefore its incomplete. In the 24 Month History section: two (2) scheduled payment amount fields are incomplete, all of the actual

> payment amount fields are incomplete, two (2) of the last payment date fields are incomplete, eight (8) of the past due amount fields are incomplete.

24. Pursuant to 15 U.S.C § 1681g, once Equifax received Plaintiff's request for his file disclosure, they were to provide him a clear and accurate disclosure.

25. The furnisher provided the missing information to Equifax.

26. If Equifax holds a stance that they truncated account numbers for "security concerns" they failed to comply with the statute and their obligations pursuant to it.

27. When the account number information was furnished to Equifax, the furnisher provided it in its entirety, not partially or truncated.

28. Equifax failed to provide Plaintiff a clear and accurate disclosure of all information in his file.

29. Due to the failure/refusal on Equifax's end to provide Plaintiff his file disclosure clearly and accurately, he was deprived of his federally protected right under 15 U.S.C § 1681g(a)(1).

30. Equifax's failure to provide Plaintiff his file clearly and accurately also deprived him the ability to confidently assess his file to ensure there were no items of information that are perhaps not his or to ensure the information that was his was being reported completely and accurately.

31. The failure of an entity to provide to a consumer accurate and truthful information as it is required by law does create an injury in fact, therefore creating and giving the consumer standing pursuant to article 3. This is held in *Havens Realty Corp v. Coleman*, 455 US 363 (1982), In which the court held that "alleged injury to (Plaintiffs) statutory created right to truthful housing information" was a cognizable injury in and of itself, regardless

of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III Requirement of injury in fact [was] satisfied".

32. Equifax's violation of the statute in this manner is wilful and seems to show a systemic error. If this is the case, this problem not only affects Plaintiff, but the hundreds of thousands of consumers Equifax maintains files on.

## V. CLAIM FOR RELIEF

### 15 U.S.C §1681g(a)(1)

33. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

34. Equifax violated the FCRA.

35. Equifax failed to comply with 15 U.S.C § 1681g and provide Plaintiff a clear and accurate disclosure of all information within his file at the time of his request, and instead provide incomplete and omitted information.

36. At all relevant times, Equifax acted willfully in its noncompliance with the FCRA.

37. Pursuant to 15 U.S.C §1681n, Equifax is liable to Plaintiff for actual damages, statutory damages, punitive damages, and costs. In the event Equifax's noncompliance was negligent, under 15 U.S.C §1681o, they are liable for any actual damages sustained by Plaintiff along with the costs of the action as determined by the court.

## VI. JURY DEMAND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

# **EXHIBITS LIST**

1. Plaintiff's Consumer Disclosure from Equifax dated December 2, 2025 (Exhibit A)

2. FTC Advisory Opinion from June 30, 2000 (Exhibit B)

3. CFPB Advisory Opinion from January 23, 2024 (Exhibit C)

A. Actual or statutory damages pursuant to 15 U.S.C § 1681n;

B. Actual damages pursuant to 15 U.S.C § 1681o;

C. Punitive and/or statutory damages pursuant to 15 U.S.C § 1681n and 15 U.S.C § 1681o;

D. Costs pursuant to 15 U.S.C § 1681n and 15 U.S.C § 1681o;

E. Any other and further relief as the Court may deem just and proper.

Respectfully submitted:

March 6, 2026
Rayid Ajarmeh
611 N 64TH AVE
HOLLYWOOD, FL 33024
754-304-7944
rayajarmeh@gmail.com

*Rayid Ajarmeh*